PHILLIP C. SAMOURIS (Bar No. 163303)
samouris@higgslaw.com
CHRISTINA G. BOBB (Bar No. 259430)
cbobb@higgslaw.com
CHARLES F. REIDELBACH (Bar No. 167482)
Reidelbach@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff
CROSSFIT, INC., a Delaware corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAU HANA SURF SUPPLY, a business entity of unknown origin,<br><br>Defendant. | CASE NO. **'13CV0129 WQHKSC**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

Plaintiff CROSSFIT, INC., a Delaware corporation ("Plaintiff"), alleges:

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this case.

## COMPLAINT

1. Plaintiff is, and was at all times mentioned herein, a Delaware corporation doing business in the County of San Diego, providing fitness, nutrition and sports training to its patrons in this judicial district and worldwide.

2. Plaintiff is informed and believes and based thereon alleges Defendant Pau Hana Surf Supply ("Pau Hana") is a business entity of unknown form or origin with its principle place of business at 25570 Rye Canyon Road, Santa Clarita, CA 91355.

## JURISDICTION & VENUE

3. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq., and related claims of unfair competition against defendant. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and this Court's pendent jurisdiction.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to the provisions of 28 U.S.C. §§1338(b) and 1367(a) insofar as the claims are joined with a substantial and related federal claim arising under the trademark laws of the United States. *See* 15 U.S.C. §1051 *et seq.*

5. This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10. Defendant has knowingly and purposefully directed its wrongful acts to this forum, distributed, advertised and/or sold products bearing Plaintiff's trademark in this forum, actively solicited business in this forum, and utilized interactive websites that permit residents of this forum to purchase products bearing Plaintiff's' trademark over the internet and have these products shipped into this forum.

6. Venue is laid in this judicial district under 28 U.S.C. § 1391 as Defendant is subject to personal jurisdiction in this judicial district, has done business in this judicial district, has committed acts of trademark infringement and unfair competition in this judicial district, and continues to commit such acts in this judicial district.

## GENERAL ALLEGATIONS

### Plaintiff's Trademarks

7. CrossFit®, Inc. ("CrossFit") is the owner of the "CrossFit" family of trademarks as registered with the United States Patent and Trademark Office, Registration Numbers 3,007,458; 3,826,111; 4,049,689, 4053443 and 4,122,681 for use with its many products and services beginning at least as early as 1985. CrossFit also has many pending applications for the CrossFit marks, including Serial Numbers 77/719,836; 77/719,838; 77/719,842; 77/719,862; 85/629,318; 85/595640, 85/595,646 and 85/595,737.

8. Plaintiff, through its founder, Greg Glassman, has conceived and developed a fitness regime designed to optimize fitness through varied functional movements. Plaintiff has invested a tremendous amount of time and capital making CrossFit® the premier brand for fitness related services to find the Fittest Man and Woman on Earth™. The first CrossFit® Games were held in Aromas, California in 2007. In 2009, Plaintiff registered the name "CrossFit" in several categories, and submitted an intent to use application under Section 1(b) of Lanham Act (15 U.S.C. §1051 et. seq.) in international class 28 covering exercise equipment, and such application has been approved by the U.S. Patent and Trademark Office. Paddle boards are squarely included in international class 28.

9. At the annual CrossFit® Games, the competitors engage in a series of challenges, such as long distance open water swims, rowing, Olympic style weightlifting, and many other physical activities.

10. In an effort to further define the CrossFit brand, Plaintiff has created a website, www.crossfit.com, to provide the Workout of the Day, training videos, and various other athletic advice to its clients.

11. Plaintiff aggressively polices and licenses the CrossFit name to affiliate trainers (and their gyms) who have undergone a specific training program, and who have been approved as a CrossFit® Level 1 Certificate Holder, to assure quality control and uniformity of the fitness programs worldwide.

**Defendant's Infringement of Plaintiff's Trademark**

12. Defendant is not affiliated with Plaintiff CrossFit. CrossFit has not licensed or given permission to Defendant to use the CrossFit trademark. Despite the foregoing, at a date unknown to Plaintiff, but as early as 2011, Defendant, without Plaintiff's knowledge or permission, began offering for sale and selling to the public paddleboards prominently displaying Plaintiff's "CrossFit" mark. Defendant advertises its "CROSSFIT" paddle board (the "Accused Goods", pictured in **Exhibit A**) as "made for high

performance training," and "distance training and core workouts."[1] The style and design of the CrossFit mark displayed on the Accused Goods is similar to that of Plaintiff's CrossFit mark, and can be described as bold block letters replicating the name and design of the mark registered by Plaintiff. Defendant include a black stripe on the Accused Goods with white lettering for the word "CROSSFIT", confusingly similar to the trademark used by Plaintiff in the CrossFit Games (**Exhibit B**).

13. Plaintiff has repeatedly asked Defendant to remove Plaintiff's trademark from the Accused Goods. Defendant has refused.

## FIRST COUNT
### (Trademark Infringement)

14. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 13 of this Complaint, and incorporates such paragraphs as though fully set forth at length herein.

15. At a date unknown to Plaintiff, but as early as 2011, Defendant, without Plaintiff's knowledge or permission, began offering for sale and selling to the public the Accused Goods prominently displaying Plaintiff's "CrossFit" mark. (See **Exhibit A**.) Defendant has infringed Plaintiff's mark in interstate commerce by various acts, including promoting and presenting the Accused Goods branded "CROSSFIT," which is identical to Plaintiff's trademark. Defendant has promoted its Accused Goods as a piece of equipment to be used for athletic training, which is likely to mislead the public into incorrectly believing that Plaintiff is the source of the goods or is otherwise affiliated with the seller and/maker of the goods, which constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

16. Defendant's wrongful acts have permitted or will permit them to receive substantial profits based upon the strength of the reputation of Plaintiff's trademark.

---

[1] http://pauhanasurfco.com/product/crossfit/

17. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and will be deprived of the value of its trademark and the substantial goodwill that it has built up in its trademark.

18. Plaintiff has requested Defendant to cease and desist from utilizing any of Plaintiff's trademarks and has given Defendant actual notice of Plaintiff's trademark rights. Despite the foregoing, Defendant has refused to cease such acts and have continued to actively and willfully advertise and solicit the sale of the Accused Goods improperly bearing Plaintiff's trademark and to distribute and sell the Accused Goods.

19. Plaintiff seeks an order from this Court enjoining Defendant from continuing to use Plaintiff's CrossFit trademark and further seeks to recover from Defendant the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of its acts of infringement. At the present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but Plaintiff is informed and believes that the damages are in excess of $100,000.

20. Without injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its trademark, reputation, and goodwill through the false and unauthorized use of Plaintiff's trademark and is therefore entitled to injunctive relief under Section 34 of the Lanham Act, 15 U.S.C. § 1116, prohibiting Defendant from using Plaintiff's trademark or designation which is likely to be confused with Plaintiff's trademark.

21. Plaintiff has been damaged in an amount to be determined by the Court and is entitled to recover these damages, treble damages, the profits of Defendant, and the costs of the action under Section 35(a) of the Lanham Act, 35 U.S.C. § 1117(a).

22.   Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in its trademark, this is an exceptional case and Plaintiff is entitled under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), to recover Defendant's profits and to receive reasonable attorneys' fees.

## SECOND COUNT
### (Unfair Competition Under California Statutory Law)

23.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 22 of this Complaint, and incorporates such paragraphs as though fully set forth at length herein.

24.   By the acts of the Defendant, as alleged above, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and therefore constitute unlawful conduct within the meaning of California Business and Professions Code § 17200.

25.   These actions are also likely to deceive consumers regarding the origins of the Accused Products and the connection of these products to Plaintiff, and therefore constitute fraudulent business practices within the meaning of California Business and Professions Code § 17200.

26.   As a direct and proximate result of the trademark infringement of Defendant, Plaintiff has suffered and will continue to suffer harm and economic loss. As a further proximate result of the wrongful conduct described herein, Defendant has been unjustly enriched. Moreover, the Defendant will continue their wrongful acts unless enjoined by the Court.

27.   Such wrongful conduct is injuring Plaintiff because it is misleading Plaintiff's customers and the general public into incorrectly believing that Plaintiff is the source of the Accused Goods or is otherwise affiliated with the seller and/maker of the Accused Goods.

28.   Plaintiff is further entitled to recover from Defendant the gains, profits and advantages obtained by Defendant as a result of their acts of unfair competition alleged above. At the present, the amount of such damages, gains, profits and advantages cannot

be fully ascertained by Plaintiff, but Plaintiff is informed and believes and hereby alleges that Defendant has unjustly profited in an amount greater than $100,000.

29. As a direct and proximate result of the willful acts and conduct of Defendant, Plaintiff has therefore been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by the Court from continuing such unlawful and unfair business practices and acts of unfair competition.

30. Pursuant to California Business and Professions Code Section 17203, Plaintiff is entitled to enjoin these practices.

## PRAYER

WHEREFORE, Plaintiff prays for the following relief:

A. That judgment be entered in favor of Plaintiff that Defendant has infringed and is infringing Plaintiff's trademark;

B. That a permanent injunction be issued pursuant to 15 U.S.C. § 1116 enjoining Defendant, its officers, agents, servants, employees, and all other persons acting in concert or participation with them from using, including but not limited to selling, or otherwise exploiting or attempting to exploit, Plaintiff's trademark for and/or in connection with any business involving the offer or sale of goods or services, or for any other purpose;

C. That judgment be entered in favor of Plaintiff that Defendant has engaged in unfair competition in violation of California Business and Professions Code § 17200;

D. That a permanent injunction be issued pursuant to California Business and Professions Code § 17203 enjoining Defendant, its officers, agents, servants, and employees; and all other persons acting in concert or participation with them from engaging in the identified (and any other) acts of unfair competition under California Business and Professions Code § 17200;

E. That Plaintiff be awarded all compensatory, enhanced, special, and other damages, with prejudgment interest, that it is entitled to under the Lanham Act according to proof at trial;

F. That this case be decreed an "exceptional case" under the Lanham Act, and that Plaintiff be awarded trebled damages, attorneys' fees, costs, and any other remedy to which they are entitled;

G. That Plaintiff be awarded attorneys' fees and costs against Defendant under California Business and Professions Code § 17200 et seq.; and

H. For such further relief as the Court deems just and proper

DATED: January 16, 2013                    HIGGS FLETCHER & MACK LLP


By: /s/*Phillip C. Samouris*
    PHILLIP C. SAMOURIS, ESQ.
    CHRISTINA G. BOBB, ESQ.
    CHARLES F. REIDELBACH, ESQ.
    Attorneys for Plaintiff
    CROSSFIT, INC.